UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA KNUTH ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 20-396 |
| REGIONAL TRANSIT AUTHORITY OF NEW ORLEANS | * | SECTION "E" (2) |

**ORDER AND REASONS**

Defendant's Motion to Compel (ECF No. 21) and Motion for Protective Order to Quash Trial Deposition of Dr. Farng-Yang Arvin Foo (ECF No. 30) are pending before me in this matter. Plaintiffs have filed timely Opposition Memoranda. ECF Nos. 27, 35. The Court held oral argument on November 12, 2020. Defendant thereafter filed a Supplemental Memorandum (ECF No. 37), as requested by the Court.

Having considered the record, the arguments of counsel, and the applicable law, IT IS ORDERED that Defendant's motion to compel is GRANTED IN PART AND DENIED IN PART, and Defendant's Motion to Quash is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiffs Sandra Knuth and Michael Knuth filed suit against Defendant Regional Transit Authority of New Orleans seeking to recover damages for alleged injuries sustained after a streetcar collision at the intersection of Canal Street and Carondelet Street on May 28, 2019. *See* Complaint, ECF No. 1, ¶¶ 9-21; First Amended Complaint, ECF No. 9, ¶¶ 7-8. Plaintiffs are residents of New York and were visiting New Orleans when the accident occurred. Complaint, ECF No. 1, ¶¶ 1, 9.

1

Defendant has filed a Motion to Compel Plaintiff Sandra Knuth to return to New Orleans for Rule 30 deposition and Rule 35 independent medical examinations (ECF No. 21) after she presented a letter from her treating neurologist advising her not to travel for the next three months (i.e., through the end of this year) due to her concerns about catching coronavirus. *Id*. at 2. Plaintiffs oppose the motion on the grounds that there is no automatic right to require a nonresident plaintiff to travel to New Orleans for deposition or IME (ECF No. 27, at 1) and argue that the expenses associated with any required travel should be borne by Defendant. *Id.* at 2. After oral argument and the Court's indication that the IME would need to take place within the Eastern District of Louisiana, Plaintiffs' counsel confirmed that Ms. Knuth will travel to New Orleans during the first two weeks of January.

In addition, Plaintiffs have noticed the trial perpetuation deposition of Dr. Foo, Plaintiff Sandra Knuth's New York-based treating physician, for November 28, 2020. Defendant has filed a Motion to Quash and for Protective Order precluding Plaintiffs from proceeding with that deposition before Defendant has had an opportunity to take Dr. Foo's discovery deposition. ECF No. 30. In response, Plaintiffs argue that two depositions are unnecessary and that Defendant has not established good cause to quash the November 28, 2020, deposition. ECF No. 35.

II.   **LAW AND ANALYSIS**

   A. **Independent Medical Examinations**

The court may issue an order for an independent medical examination ("IME") "on motion for good cause and on notice to all parties and the person to be examined" and such order must specify "the time, place, manner, conditions, and scope of the examination, as well as the person

2

or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The examiner shall issue a report,[1] including when the IME is conducted pursuant to an agreement between the parties.[2]

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. That rule "should be liberally construed in favor of discovery."[3] Generally, Rule 35 allows the Court to order "a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined."[4] "A 'suitably licensed or certified examiner' under Rule 35 includes a vocational-rehabilitation expert."[5]

To demonstrate entitlement to conduct the examination, a party must satisfy two criteria:

(1) the physical or mental state of the party must be in controversy; and
(2) the moving party must show good cause as to why the motion should be granted.[6]

Whether the requirements (i.e., condition as to which the examination is sought is genuinely in controversy and that good cause exists for ordering each particular examination) are met necessarily depends on the particular facts of the case and the scope of the examination sought.[7]

"Good cause" generally requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere.[8] For example, a "plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury

---

[1] Fed. R. Civ. Pro. 35(b)(1-2).
[2] *Id*. 35(b)(6).
[3] *Y & S Marine, Inc. v. Maza*, No. 11-1425, 2011 WL 5825715, at *1 (E.D. La. Nov. 17, 2011); *see also Dixon v. Greyhound Lines, Inc*., No. 13-179-JJB, 2014 WL 37284, at *3 (M.D. La. Jan. 6, 2014) (citing *Barcia v. ENI U.S. Operating Co., Inc*., No. 05–4501, 2006 WL 1236053 (E.D. La. May 4, 2006) (citing *Grossie v. Florida Marine Transporters, Inc*., No. 04–0699, 2006 WL 2547047 *2 (W.D. La. Aug. 31, 2006))); *Lahr v. Fulbright & Jaworski, L.L.P*., 164 F.R.D. 204, 207 (N.D. Tex. 1996).
[4] Fed. R. Civ. P. 35(a)(1)-(2).
[5] *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 201 (E.D. Tex. 1996) (quoting *Olcott v. LaFiandra*, 793 F. Supp. 487, 492 (D. Vt. 1992)).
[6] *Schlagenhauf v. Holder*, 379 U.S. 104, 106, 116-20 (1964); *see also Acosta v. Tenneco Oil Co*., 913 F.2d 205, 208 (5th Cir. 1990).
[7] *In re Oil Spill by Oil Rig DEEPWATER HORIZON,* MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf*, 379 U.S. at 118)).
[8] *Schlagenhauf*, 379 U.S. at 118-19.

clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."[9] A "plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiffs treating physicians, are available."[10]

In this case, Plaintiffs do not suggest that Ms. Knuth's mental or physical conditions are at issue nor do they argue the absence of good cause. Rather, Plaintiffs object to Defendant's desired location for the IME in New Orleans and when the IME will occur. Accordingly, there is no issue regarding the propriety of an IME, only when and where it will occur.

In selecting the independent expert to conduct the examination, "the usual attitude is that although the moving party has no absolute right to the choice of the physician, when no serious objection arises, it is probably best for the court to appoint the doctor of the moving party's choice."[11] As to the location for the IME, over 50 years ago, Judge Alvin Rubin (then a district judge) recognized that "most judges have, in the usual case, ordered the plaintiff to appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff. This allows the examining physician to be available conveniently for testimony."[12]

The usual case may give way where the plaintiff can demonstrate that "the trip would be injurious to his health, or that there is any other compelling reason for his reluctance."[13] However,

---

[9] *Id.* at 119; *see also McClanahan v. Transocean Offshore Intern. Ventures Ltd.*, No. 05-2099, 2006 WL 2989243, at *2-3 (W.D. La. Oct. 19, 2006) (citing cases).
[10] *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 391-92 (S.D. Tex. 2013).
[11] *Lahr,* 164 F.R.D. at 202 (citing 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2234.2 (1994)).
[12] *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 212-13 (E.D. La. 1969); *see also* 8B C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2234 (3d ed. 2016) ("Usually plaintiff will be required to come to the place where he or she filed suit for the examination, in the absence of facts showing substantial reasons for insisting upon examination at his or her residence.").
[13] *Williams v. Nguyen*, No. 16-13983, 2017 WL 1177914, at *2 (E.D. La. Mar. 30, 2017) (Roby, M.J.) (citing *Baird*, 47 F.R.D. at 213; see also *In Re Bordelon Marine, Inc.,* No. 11-1473, 2012 WL 1902576 at *3 (E.D. La. May 25, 2012) (finding distance of 214 miles too far to make Plaintiff travel for IME where Plaintiff was a claimant in a limitation of liability proceeding, not a plaintiff who chose venue)).

the burden is not on the defendant to demonstrate that a satisfactory examination cannot be had a nearer locale to the plaintiff; rather, the burden is on the plaintiff to show that traveling to the examination poses undue burden or hardship."[14] And given the inability to compel an out of district IME to appear in the forum for trial, ordering an IME outside the district should not be done absent evidence of hardship or burden. Plaintiff has failed to demonstrate the required hardship necessary to justify re-locating the IME from the Eastern District of Louisiana.

Plaintiff also argues that Defendant should bear her costs to travel to New Orleans for the IME. Judge Rubin addressed that issue in *Baird* as well, stating:

> The only federal decision that appears to have considered this issue is *Warren v. Weber & Heidenthaler, Inc., supra*. There the court initially refused to order the defendant to advance expenses. Later, on a showing that the plaintiff was destitute and unable to pay travel expenses, the defendant was ordered to pay them. There has been no showing in this case that the plaintiff is indigent, nor has any other reason been shown why he should not pay his travel expense to come to New Orleans for an examination, just as he will eventually be obliged to do when he comes here for the trial.[15]

As in *Baird*, Plaintiffs have not shown that they are indigent, nor have they provided evidence of any other reason why Ms. Knuth should not pay the travel expense to come to New Orleans for an examination, just as she will eventually be obliged to do when she comes here for the trial.

### B. Plaintiff's Deposition Location

"The Court has considerable discretion in determining the place of a deposition, and may consider the relative expenses of the parties."[16] The general rule, however, is that the place of examination for deposition is to be determined by the examining party.[17] Ordinarily, that will be

---

[14] *Thomas v. W & T Offshore, Inc.*, No. 16-14694, 2018 WL 501508, at *2 (E.D. La. Jan. 22, 2018) (van Meerveld, M.J.) (citing *Ornelas*, 292 F.R.D. at 400 (quoting *McDonald v. Southworth*, No. 07-217, 2008 WL 2705557, at *6 (S.D. Ind. July 10, 2008))).
[15] *Baird,* 47 F.R.D. at 213; *see also Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 37284, at *3 (M.D. La. Jan. 6, 2014).
[16] *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct., 7, 2011).
[17] *Reyes v. Cooper Tire & Rubber Co.*, No. 09-3680, 2010 WL 2038046, at *1 (E.D. La. May 20, 2010 (citing 8A WRIGHT, MILLER & MARCUS, FED. PRAC. AND PROC. § 2112, at 527–28 (3d ed. 2010)).

the district in which the suit was brought as plaintiff selected the forum and thus will not be heard to complain about having to appear there for a deposition.[18]

Of course, the court maintains the authority, upon a showing of good cause, to issue an order to protect a party or person from undue burden or expense, including specifying terms, such as time and place, for discovery.  Fed. R. Civ. P. 26(c)(1)(B).  Further, Rule 30(b)(4) of the Federal Rules of Civil Procedure also provides that the parties "may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."  "[A]bsent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted."[19]  "The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship."[20]

In assessing hardship, courts consider the party's (1) age, (2) physical condition, (3) finances, and (4) other factors that might result in extreme hardship."[21]  During oral argument, Plaintiff's counsel confirmed that his client is 53 years old, does not have any relevant health conditions, and is not claiming financial hardship.  Plaintiff is simply uncomfortable traveling during COVID-19.  Numerous courts have found that the COVID-19 pandemic is a sufficient basis to refuse to require a plaintiff to travel to the forum for deposition, particularly when the plaintiff is elderly or suffers from health conditions making her particularly susceptible to Covid-19.[22]

---

[18] *Id.*; *see also Birkland*, 2011 WL 4738649, at *2 (same) (citations omitted).
[19] *Birkland*, 2011 WL 4738649, at *2.
[20] *Id.*
[21] *Id.* at *3.
[22] *See, e.g., Leja v. Brousseau Management Co., LLC*, No. 19-269, 2020 WL 5352011 (M.D. La. Sept. 4, 2020) (concerns related to the pandemic constitute a legitimate reason to conduct the depositions here by videoconferencing); *see also SAPS, LLC v. EZCare Clinic, Inc.*, No. 19-11229, 2020 WL 1923146 (E.D. La. Apr. 21, 2020) (van Meerveld, M.J.); *Thomas v. Wallace, Rush, Schmidt, Inc.*, No. 16-572, 2020 WL 3247380, at *1 (M.D. La. Mar. 18, 2020).

Even though Plaintiff Knuth is not elderly and does not appear to have any relevant health condition, this Court will not require her to travel to New Orleans simply for her deposition. This Court will not, however, require that Defendant take her deposition by remote means. If Defendant desires an in-person deposition, Defendant may either notice Ms. Knuth's deposition to take place in New York, provided Defendant ensures that the deposition will occur in physical facilities adequate to allow proper social distancing and other protective measures in accordance with governing guidelines regarding avoidance of potential transmission of COVID-19, or depose her when she is in New Orleans for her IME.[23] If Defendant elects not to travel to New York for Plaintiff's deposition and not to delay the deposition until she is in New Orleans for the IME, then the deposition must occur remotely, via telephone or videoconference, at Defendant's election.

C. **Discovery versus Trial Depositions**

Defendant seeks to quash Plaintiffs' Notice of Deposition of Dr. Foo, Ms. Knuth's treating neurologist in New York, which Plaintiffs have noticed for trial purposes. Plaintiffs have scheduled Dr. Foo's deposition for November 28, 2020, which Plaintiffs stated is the only day that he is available between now and the discovery deadline. Citing *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982), and district court decisions from outside of the Eastern District of Louisiana, Defendant argues that there is a significant difference between a discovery deposition and a trial deposition, and that Defendant is entitled to conduct a discovery deposition before Plaintiff deposes Dr. Foo for trial purposes. ECF No. 30-1, at 2; ECF No. 37, at 1-3. *Charles* is inapposite, however, because the issue in that case was not whether a witness could be deposed twice; rather, the issue was whether the district court abused its discretion in refusing to grant leave to depose a

---

[23] Of course, delaying Plaintiff's deposition places Defendant at risk of being unable to complete discovery before the applicable deadline, which the Court will not likely further extend. That, however, is a strategic decision that Defendant may make.

prisoner for trial purposes in lieu of live testimony after the discovery period had closed where the prisoner had not been deposed during the discovery period.[24]

The Federal Rules of Civil Procedure do not contain an express distinction between depositions for discovery purposes and depositions for use at trial in lieu of live testimony. In *Battle v. Memorial Hospital*, 228 F.3d 544, 551 (5th Cir. 2000), the defendant relied on the distinction between a discovery and trial deposition with regard to an expert witness. The Fifth Circuit avoided the issue because it found that the witness was properly characterized as both a fact and expert witness, which required that the witness must be treated as an ordinary witness. The Fifth Circuit thus found it was unnecessary to "venture [an] opinion concerning whether Rule 26 supports the distinction between trial and discovery depositions of experts."[25] As Plaintiff's treating physician, Dr. Foo would likewise be treated as an ordinary witness.

As the Fifth Circuit noted in *Battle*, "nothing prohibits the use of a discovery deposition at trial."[26] Indeed, the Federal Rules would appear not to contemplate two depositions of the same witness. In fact, Rule 30(a)(2)(A)(ii) specifically requires leave of court before a party may depose a witness for a second time. In addition, the Rules authorize a court to issue a protective order to protect against "undue burden or expense,"[27] including imposing a limit on duplicative discovery.[28] Moreover, Rule 26(d)(3) provides:

---

[24] 665 F.2d at 664; *see also Allen v. C&H Distrib., LLC*, No. 10-1604, 2014 WL 2589711, at *2 (W.D. La. June 10, 2014) (allowing trial deposition after discovery deadline of witnesses who were not deposed during trial but listed on witness list).

[25] 228 F.3d at 552. In *Battle*, the defendant objected in a deposition that the deposition could only be used for discovery purposes and the plaintiff countered that the deposition was being taken for all purposes allowed under the Federal Rules of Civil Procedure. On appeal, plaintiff challenged the distinction between trial and discovery depositions. In response, defendant cited Rule 26(b)(4)'s comments for expert depositions and argued that the drafters recognized that effective cross-examination of an expert witness requires advanced preparation. *Id*. 551-52. Citing a later portion of that same comment, the Fifth Circuit concluded that the witness was properly characterized as an ordinary witness, and thus avoided the general issue of trial versus discovery depositions.

[26] *Id*. at 551 (citing *Savoie v. Lafourche Boat Rentals, Inc*., 672 F.2d 722, 724 (5th Cir. 1980)).

[27] Fed. R. Civ. P. 26(c)(1).

[28] Fed. R. Civ. P. 26(b)(2)(C)(i).

8

> Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> > (A) methods of discovery may be used in any sequence; and
> > (B) discovery by one party does not require any other party to delay its discovery.[29]

Thus, there is no rule stating that either a plaintiff or a defendant is entitled to pursue discovery prior to the other. Further, Dr. Foo is more than 100 miles from New Orleans and cannot be compelled to appear by deposition. As such, it would appear that his deposition would fall under Rule 32(a)(4):

> A party may use for any purpose the deposition of a witness . . . if the court finds: . . . (B) that the witness is more than 100 miles from the place of hearing or trial . . . [or] (D) the party offering the deposition could not procure the witness's attendance by subpoena . . . .[30]

There are two lines of cases on the issue of a second trial deposition versus a discovery deposition. One line of cases strictly construe the Federal Rules of Civil Procedure to conclude that there is no provision for a second trial depositions, and the other line of cases recognize the common practice of taking trial depositions after discovery depositions given the differing purposes of those two type of depositions.[31] Given the divergent lines of cases, some courts have refused to allow two depositions[32] while other courts have allowed two depositions.[33] Other courts have compromised by allowing a short discovery deposition to immediately precede a trial

---

[29] *See also* Fed. R. Civ. P. 16(c)(2) ("the court may . . . take appropriate action on . . . (F) controlling and scheduling discovery, including orders affecting . . . discovery under Rule 26 and Rules 29 through 37").
[30] Fed. R. Civ. P. 32(a)(4).
[31] *See Lenius v. Deere & Co.*, Nos. 12-2063, 12-2072, 2014 WL 6879311 (N.D. Iowa Dec. 4, 2014) (citing cases).
[32] *See, e.g.*, *Fairley v. ART Catering, Inc*., No. 16-3488, 2017 WL 3456298, at *3 (E.D. La. Aug. 11, 2017) (refusing to allow a separate "discovery deposition" before the scheduled "trial deposition") (Roby, C.M.J.); *see also Global epoint, Inc. v. GTECH Corp*., No. 11-197, 2015 WL 113979 (D.R.I. Jan. 8, 2015) (refusing to allow second deposition).
[33] *Lucas v. Pactiv Corp.*, No. 08-79, 2009 WL 5197838 (W.D. Va. Dec. 22, 2009); *Estenfelder v. The Gates Corp*., 149 F.R.D. 351 (D. Colo. 2001).

deposition, thereby avoiding any undue burden and expense associated with two separate depositions at different times.[34]

Given the divergent cases and particular facts in this case, including Dr. Foo's limited availability, this Court will not quash Plaintiffs' noticed deposition of Dr. Foo.  The Court will, however, allow Defendant up to two hours to conduct a discovery deposition before Plaintiffs proceed with their trial deposition and Defendant then cross-examines Dr. Foo.  As in *Truiche*, the parties are instructed not to repeat questions and testimony during the perpetuation phase that have already been covered during the discovery deposition phase.

## III.  CONCLUSION

For the foregoing reasons, having considered the record, the written and oral arguments of counsel, and the applicable law,

IT IS ORDERED that Defendant's motion to compel is GRANTED IN PART AND DENIED IN PART;

IT IS FURTHER ORDERED that Defendant's Motion to Quash is GRANTED IN PART AND DENIED IN PART.

New Orleans, Louisiana, this 17th day of November, 2020.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[34] *See, e.g., Truiche v. Overnite Transp. C*o., No. 95-691, 1996 WL 252402, at *1 (E.D. La. May 10, 1996) (Wilkinson, M.J.) (refusing to allow two separate depositions, but allowing the party desiring to conduct a discovery deposition to proceed first with discovery questions and then allow the parties to proceed to trial deposition questions*); see also Pinnock v. Board of County Commissioners*, No. 14-293, 2016 Lexis 192256 (D.N.M. Feb. 29, 2016) (allowing brief discovery deposition to immediately precede trial deposition).