UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA KNUTH and MICHAEL KNUTH, | * | CIVIL ACTION |
|     *Plaintiffs*, | * | |
| | * | NO. 20-CV-0396 |
| versus | * | |
| | * | JUDGE SUSIE MORGAN |
| REGIONAL TRANSIT AUTHORITY OF | * | |
| NEW ORLEANS, | * | MAGISTRATE JUDGE |
|     *Defendant.* | * | DONNA J. CURRAULT |
| ****************************************** | | |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO EXCLUDE OR LIMIT THE OPINIONS
AND TESTIMONY OF MATTHEW HOLCOMB, PH.D.

**MAY IT PLEASE THE COURT:**

**I. ARGUMENT**

Sandra Knuth and Michael Knuth ("Plaintiffs"), Fed. R. Evid. 702 and *Daubert*[1] seek an Order excluding or limiting the opinions and testimony of The Regional Transit Authority of New Orleans' "IME" psychologist, Matthew Holcomb, Ph.D. ("Dr. Holcomb") as set forth more fully in his January 12, 2021 expert report.[2] The focus of this motion is preventing Dr. Holcomb the "Ph.D." psychologist from offering opinions or testimony at trial which is properly the exclusive province of "M.D." medical doctors.

While the vast majority of Dr. Holcomb's report is devoted to explaining the functions of various psychological tests, and Sandra Knuth's results after three days of testing, there are portions of the report which seem to intrude upon causation issues which are reserved for medical doctors

---

[1]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)

[2]A copy of Dr. Holcomb's report is attached as Exhibit 1.

who are trained in care and treatment of concussions and post-concussion syndrome. While psychological testing may suggest cognitive disabilities that arise from brain trauma injuries, Dr. Holcomb is not qualified to provide explanations for the medical cause of such disabilities.[3]

Dr. Holcomb, at p. 14, also describes Ms. Knuth's "speed of response" test results as a "highly unusual pattern of results." What standard defines "usual" in a person whose treating clinical Neurologist has diagnosed symptoms of post-concussion syndrome including severe headaches, dizziness, sleep problems, psychological symptoms such as depress mood, irritability, and anxiety, and cognitive problems such as memory, concentration, and thinking?[4]

In his "Summary" which Plaintiffs presume presents his opinions, Dr. Holcomb improperly offers medical expert testimony. For example, at p. 17 he opines "The medical records do not support the existence of a concussion." How is he qualified to offer that *medical* opinion?[5] How is he qualified to assess where Ms. Knuth fits into the general spectrum of concussion victims, or how her medical injury impacted her test results?

In *Edmonds*[6] the Fifth Circuit reviewed the district court's qualification of Gouvier, a

---

[3]For example, at p. 12 Dr. Holcomb opines that Sandra Knuth's "symptom validity" test results suggest a "40% probability" that she is "feigning symptoms." This opinion not only fails to consider or explain any neurological/medical injury component but also falls well below the "51%" preponderance of the evidence standard.

[4]See p. 32 of Exhibit 1 to the memorandum supporting Plaintiffs' motion to exclude the opinions and testimony of Najeeb Thomas, M.D.

[5]Treating Neurologist Dr. Foo diagnosed Sandra Knuth with post-concussion syndrome and testified in his April 5, 2021 deposition that whiplash events cause concussions. See Exhibit 2 to the memorandum supporting Plaintiffs' motion to exclude the opinions and testimony of Najeeb Thomas, M.D.

[6]*Edmonds v. Illinois Cent. Gulf R. Co.,* 910 F.2d 1284 (5th Cir. 1990).

psychologist, as a trial expert. This ruling raised two questions on appeal: 1) whether the Gouvier was qualified and 2) whether he had an adequate basis to give his opinion on the causative link between the plaintiff's stress and the worsening of his pre-existing heart condition. The Fifth Circuit answer both questions in the negative. The district court qualified Gouvier as an expert in the field of clinical psychology. According to Gouvier, a clinical psychologist is someone with specialized training in the application of psychological principles to the assessment and treatment of people with psychological problems. In resolving the matter, the Fifth Circuit held:

> Gouvier is not a medical doctor, and he is not involved in making medical diagnoses or ordering medical studies or tests. The question whether stress worsened the plaintiff's coronary artery disease is a medical issue that is plainly beyond this witness's expertise in the field of psychology.[7]

This is exactly the same case here: Dr. Holcomb is not a medical doctor and he has no standing under Fed. R. Evid. 702 or Daubert to offer medical opinions on, e.g., whether Sandra Knuth did or does have a concussion, whether she presently suffers from post-concussion syndrome *sequalae*, and whether her medical condition worsened or otherwise impacted his test results.

## II. CONCLUSION

Plaintiffs suggest that the trial testimony of Dr. Holcomb should be excluded or limited to prevent him from offering medical testimony at trial. This prohibition should extend to causation of Sandra Knuth's injuries, the extent and severity of her post-concussion syndrome, and its impact on her psychological test scores.

Additionally, whether under Fed. R. Evid. 403 or the "preponderance of the evidence" civil burden of proof, any statistical testimony Dr. Holcomb that falls under the "51% more probable than

---

[7] Id. at 1287.

not" threshold should also be excluded.

                                              Respectfully submitted,

                                              */s/ Richard M. Martin*, Jr.
FRANK E. LAMOTHE, III (#07495)
RICHARD M. MARTIN, JR., T.A. (#08998)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
E-Mail: felamothe@lamothefirm.com
        rmartin@lamothefirm.com